IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ANDREA AUDISH**, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**LIBERTY MUTUAL INSURANCE COMPANY**, a Massachusetts insurance company,<br><br>　　　　　　　Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1. Plaintiff Andrea Audish ("Plaintiff" or "Audish") brings this Class Action Complaint against Defendant Liberty Mutual Insurance Company ("Defendant" or "Liberty") to: (1) stop Defendant's practice of placing calls using "an artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their prior express consent; (2) enjoin Defendant from continuing to place prerecorded telephone calls to consumers who did not provide their prior written express consent to receive them, and (3) obtain redress for all persons injured by Defendant's conduct.

2. Plaintiff, for her complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

3. The Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act") and its implementing regulations, 47 C.F.R. §64.1200, *et seq.* prohibit companies, such as Defendant, from placing calls using "an artificial or prerecorded voice" ("prerecorded calls") and/or an ATDS ("autodialed calls") to telephones without first obtaining consent. Liberty has

1

violated, and continues to violate, the TCPA and its regulations by placing prerecorded calls to telephone subscribers who have not expressly consented to receiving such calls.

4. In an effort to promote the sale of its products and services, Liberty made (or directed to be made on its behalf) prerecorded calls to the telephones of Plaintiff and other members of the alleged class without first obtaining express consent to do so—all in violation of the TCPA.

5. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—prerecorded voice calls placed to cellphone numbers without each consumer's prior express written consent.

6. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. To redress these injuries, Plaintiff, on behalf of herself and Class of similarly situated individuals, brings this suit under the TCPA, seeking an injunction requiring Defendant to cease all unauthorized prerecorded calling activities to cellular telephones without first obtaining prior express written consent, as well as an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff Audish is a natural person over the age of eighteen (18), and she resides in Houston, Harris County, Texas.

8. Defendant Liberty is a Massachusetts insurance company, with its principal place of business located at 175 Berkeley Street, Boston, MA 02116. Defendant conducts business throughout this District, the State of Massachusetts, and the United States.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, a federal statute.

10. This Court has personal jurisdiction over Liberty because it solicits significant business in this District, is headquartered in Massachusetts, and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or was directed to this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, conducts a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

**COMMON ALLEGATIONS OF FACT**

12. Defendant Liberty describes itself as "the sixth largest global property and casualty insurer"— an American-based insurance agency that offers insurance policies to consumers throughout the United States and elsewhere in the world.

13. Unfortunately for consumers, Liberty casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its insurance policies and services Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited prerecorded and/or autodialed calls to consumers' telephones including cellular telephones all without any prior express consent to make these calls.

14. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

15. Yet in violation of this rule, Defendant fails to obtain any prior express written consent to make these prerecorded calls to cellular telephone numbers.

16. In placing the calls that form the basis of this Complaint, Defendant utilized an artificial/pre-recorded voice.

17. When placing these calls to consumers, Defendant failed to obtain prior express written consent as required by the TCPA from cellular telephone owners/users to make such calls.

18. At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing calls are being made to consumers' cellular telephones through its own efforts and their agents.

19. Defendant knowingly made (and continues to make) unsolicited telemarketing calls without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF

20. Plaintiff Audish is the customary user of a personal cellular telephone number ending in 4440.

21. On January 12, 2021, Plaintiff received four calls from (281) 806-3095. The first call came at approximately 12:05PM. She answered the call and heard a pre-recorded message instructing her to press a number speak to someone. Plaintiff hung up on the call because she was at work.

22.     Plaintiff received a second call at approximately 4:09PM from the same number. She answered the call and again heard a pre-recorded message instructing her to press a number speak to someone. Like the first call, she hung up because she was at work.

23.     Plaintiff received a third call at approximately 4:49PM from the same number. She answered the call and again heard a pre-recorded message instructing her to press a number speak to someone. This time, Plaintiff pressed a number to speak to a live person in an effort to figure out who was calling her, and she was transferred to an agent from Liberty. She informed the representative that she was busy working and hung up the call.

24.     Plaintiff received a fourth call at 5:37PM from the same number. Like the previous calls, Plaintiff answered and heard a pre-recorded message instructing her to press a number to speak to someone. Plaintiff pressed a number to speak to a live person and she was connected to a "Kim" with "QuoteWizard," who was calling on Defendant's behalf. Kim then transferred the call to a representative named "Morgan" with Liberty Mutual. Morgan asked Plaintiff a number of questions regarding insurance before ultimately stating that she could not offer insurance to Plaintiff and would have to transfer her.

25.     On March 9, 2021, Plaintiff received a total of four calls from (281) 675-2599. The first call came at approximately 11:43AM, and, like the calls on January 12, Plaintiff answered the call and heard a pre-recorded message instructing her to press a number to speak to a person.

26.     Plaintiff received a second call at approximately 12:03PM, and, once again, Plaintiff answered the call and heard a pre-recorded message instructing her to press a number to speak to a person.

27.     Plaintiff received a third call at approximately 12:04PM, which she did not

5

answer.

28. Plaintiff received a fourth call on March 9, 2021, at approximately 4:29PM. Plaintiff did not answer the call, but a voicemail was left on her phone that contained a prerecorded voice. The message stated as follows:

> Hello, this is Liberty Mutual. We are calling with the customized auto insurance policy you requested. To receive this quote, you may call us back at this number. If you've changed your mind and are no longer interested, you may call us back toll-free at (888) 475-4204 to cancel the quote and be removed from our list.

29. Audish never consented to receive prerecorded or autodialed calls from Liberty.

30. During all relevant times, Plaintiff did not have a relationship with Defendant, or any of its affiliated companies, or requested that Defendant place calls to her or offer her its insurance products or services. Simply put, Defendant did not possess Plaintiff's prior express consent to place a telephone call to her using a prerecorded voice and has no business relationship with Defendant.

31. Defendant was, and is, aware that the above described prerecorded and/or autodialed calls were made to consumers like Plaintiff who did not consent to receive them.

32. By making unauthorized prerecorded and/or autodialed calls as alleged herein, Liberty has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

33. To redress these injuries, Plaintiff, on behalf of herself and Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited prerecorded

6

and/or autodialed calls to telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized prerecorded and/or autodialed calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Class defined as follows:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using a prerecorded voice, and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

35. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

36. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant (or its agents) has placed prerecorded and autodialed calls to hundreds or thousands of consumers who fall into the defined Class. However, the exact number of members of the Class can be identified through reference to objective criteria, including Defendant's records.

37. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

38. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

39. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant systematically made telephone calls to members of the Classes without first obtaining prior express written consent to make the calls;

   (c) whether Defendant utilized an automatic telephone dialing system to make its calls to members of the Class;

   (d) whether Defendant made prerecorded telephone calls to members of the Class without first obtaining prior express written consent to make the calls;

   (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

   (f) whether Defendant obtained prior express written consent to contact any class members.

40. **Appropriateness:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief

appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227, *et seq.*)
### (On Behalf of Plaintiff and the Prerecorded No Consent Class)

41. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42. Defendant made prerecorded telephone calls to cellular telephone numbers belonging to Plaintiff and other members of the Prerecorded No Consent Class without first obtaining prior express written consent to receive such calls.

43. Defendant utilized an artificial or pre-recorded voice in placing the calls at issue.

44. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

45. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone

numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

46. By making the unsolicited telephone calls to Plaintiff and the Prerecorded No Consent Class members' cellular telephones without their prior express written consent, and by utilizing a prerecorded voice to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

47. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Prerecorded No Consent Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

48. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing her counsel as Class Counsel;

B. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the class members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

D. An award of pre- and post-judgment interest;

E. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: May 15, 2023

**ANDREA AUDISH**, individually and on behalf of all others similarly situated,

By: /s/ Simon Mann
 One of Plaintiff's Attorneys

Simon Mann
Mann Law Firm P.C.
200 Highland Avenue, Ste. 302
Needham, MA 02494
Phone: 617.690.7379
Fax: 781.400.5649
simon@sbmannlaw.com

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice*